IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03175-BNB

MAMDOUH SALIM,

    Plaintiff,

v.

ERIC HOLDER, U.S. Att. Gen.,
CHARLES SAMUELS, JR., BOP Director,
HARREL WATTS, Adm. Ntl. Inmate Appeal,
PAUL LAIRD, BOP Reg. Director,
D. BERKEBILE, ADX Warden, and
JOHN DOES, Unknown FBI Agents,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Mamdouh Salim, is a prisoner in the custody of the Federal Bureau of Prisons and is incarcerated at the ADX in Florence, Colorado.  He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971).  Mr. Salim has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment if an initial partial filing fee.

    The Court must construe the Prisoner Complaint liberally because Mr. Salim is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons

discussed below, Mr. Salim will be ordered to file an amended complaint.

Mr. Salim alleges in the Prisoner Complaint that he was arrested in August 1998 based upon his alleged involvement in the embassy bombings in Tanzania and Kenya. While detained in the Metropolitan Correctional Facility in New York awaiting trial, he stabbed a correctional officer in the eye and later pleaded guilty to a charge of attempted murder.  Plaintiff is now serving a life sentence.  Mr. Salim alleges that he has been subject to Special Administrative Measures (SAMs) since December 1998. He alleges that Defendants Holder, Samuels, and Berkabile imposed or renewed the SAMs each year, without affording him procedural due process.  Mr. Salim asserts that the SAMs violate his First Amendment rights because they restrict his access to the mail, the media, the telephone, and visitors.  Mr. Salim's administrative remedies concerning the SAMs' renewals have been denied.  He seeks equitable and monetary relief.

The Complaint is deficient because Defendants Watts and Laird cannot be held liable on the basis that they denied Plaintiff's grievances at different levels of administrative review.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted).

Furthermore, Mr. Salim may use fictitious names, such as Jane or John Doe, if

he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Salim uses fictitious names he must provide sufficient information about each defendant so as to identify that individual for purposes of service.  Plaintiff must also allege specific facts to show that the defendant was personally involved in a deprivation of his constitutional rights.  *See Kite v. Kelley*, 546 F.2d 334, 338 (1976) (personal participation by the defendants in a constitutional deprivation is an essential element of a *Bivens* action); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, it is

ORDERED that Plaintiff, Mamdouh Salim, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Salim shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Salim fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.

DATED December 2, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge