IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03175-BNB

MAMDOUH SALIM,

    Plaintiff,

v.

ERIC HOLDER, U.S. Att. Gen.,
FEDERAL BUREAU OF INVESTIGATION (FBI),
CHARLES SAMUELS, JR., BOP Director, and
DAVID BERKEBILE, ADX Warden,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Mamdouh Salim, is a prisoner in the custody of the Federal Bureau of Prisons at the ADX in Florence, Colorado. He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971).

    On December 2, 2013, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Mr. Salim failed to allege the personal participation of all named Defendants in a deprivation of his constitutional rights. Magistrate Judge Boland directed Mr. Salim to file an Amended Complaint within thirty days. Plaintiff filed an Amended Complaint on January 31, 2014. (ECF No. 9). The Amended Complaint omits two formerly named Defendants, but adds a new Defendant--the Federal Bureau of Investigation (FBI).

    The Court must construe the Amended Complaint liberally because Mr. Salim is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.

Mr. Salim has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if Mr. Smith's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.  For the reasons stated below, the Court will dismiss this action, in part, and draw the remainder to a presiding judge and, if appropriate, to a magistrate judge.

Mr. Salim alleges in the Amended Complaint that he was arrested in Germany in December 1998 and extradited to the United States based upon his alleged involvement in the embassy bombings in Tanzania and Kenya.  On November 1, 2000, while detained in the Metropolitan Correctional Facility in New York awaiting trial, he stabbed a correctional officer in the eye and later pleaded guilty to a charge of attempted murder.  Plaintiff is now serving a life sentence based on the attempted murder conviction.  Mr. Salim alleges that he has been subject to Special Administrative Measures (SAMs) since January 1999.[1]  He alleges that Defendants Holder, Samuels,

---

[1] SAMs may be imposed as "reasonably necessary to protect persons against the risk of death or serious bodily injury." 28 C.F.R. § 501.3(a).  With the Attorney General's approval, each SAM may be

and Berkebile imposed or renewed the SAMs each year, without affording him procedural due process.  Mr. Salim asserts that the SAMs violate his First Amendment rights because they restrict his access to the mail, the media, the telephone, and visitors.  He further claims that the renewal of the SAMs each year violates his procedural due process rights because the removal form does not provide him with any information concerning how he can have the restrictions removed.  Applicant also asserts an equal protection violation.  He seeks declaratory and injunctive relief.

Mr. Salim may not maintain his constitutional claims against the FBI.  "Absent a waiver, sovereign immunity shield the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). General jurisdictional statutes such as 28 U.S.C. § 1331 do not waive the Government's sovereign immunity. *Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990).  Nor does the declaratory judgment statute, 28 U.S.C. § 2201, itself confer jurisdiction on a federal court where none otherwise exists. *New Mexico v. Regan*, 745 F.2d 1318, 1323 (10th Cir.1984).  Accordingly, the FBI will be dismissed as an improper party to this action pursuant to 28 U.S.C. § 1915(e)(2)(B) because the federal agency is immune from suit for constitutional claims.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that

---

imposed for up to one year.  § 501.3(c). They may be extended in one-year increments, and modified from year to year.  *Id*. The inmate must be provided with written notification of the restrictions imposed and the basis for these restrictions.  § 501.3(b). However, "[t]he notice's statement as to the basis may be limited in the interest of prison security or safety or to protect against acts of violence or terrorism." *Id*.

Mr. Salim's claims against Defendants Holder, Samuels, and Berkebile do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that the Federal Bureau of Investigation is DISMISSED from this action. It is

FURTHER ORDERED that Plaintiff's claims against Defendants Holder, Samuels and Berkebile shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this 25th day of February, 2014.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court